Filed 9/24/24  P. v. Saddozai CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHIKEB SADDOZAI,<br><br>    Defendant and Appellant. | A168408<br><br>(San Mateo County Super. Ct. No. 16-NF001414A) |

Shikeb Saddozai appeals from the trial court's dismissal of his resentencing petition under Penal Code section 1172.6, which he asserts requires vacatur of his conviction for attempted murder.[1]  His appellate counsel filed a brief identifying no issues as grounds for relief, complying with the procedure established in *People v. Delgadillo* (2022) 14 Cal.5th 216, 222, 231-232 (*Delgadillo*).  Saddozai then filed a supplemental brief raising a variety of issues.  Because his contentions lack merit, we affirm the trial court's judgment.

### BACKGROUND

### A.

To be convicted of murder, a jury must ordinarily find that the defendant acted with the requisite mental state, known as

---

[1] Undesignated statutory references are to the Penal Code.

1

" 'malice aforethought.' " (*People v. Chun* (2009) 45 Cal.4th 1172, 1181 (*Chun*), quoting § 187, subd. (a).) Prior to 2019, however, under an exception known as the natural and probable consequences doctrine, a " ' "person who knowingly aids and abets [the] criminal conduct [of another person] is guilty of not only the intended crime . . . but also of any other crime the [other person] actually commits . . . that is a natural and probable consequence of the intended crime." ' " (*People v. Chiu* (2014) 59 Cal.4th 155, 161; *see also People v. Curiel* (2023) 15 Cal.5th 433, 449 (*Curiel*).) In addition, the felony murder rule provided an exception that made "a killing while committing certain felonies murder without the necessity of further examining the defendant's mental state." (*Chun,* at p. 1182.)

In 2019, Senate Bill No. 1437 ((2017-2018 Reg. Sess.), Stats. 2018, ch. 1015) raised the level of culpability required for murder liability to be imposed under these theories. (*See* Stats. 2018, ch. 1015, § 1.) It amended the definition of malice in section 188 to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) The bill also amended section 189, which defines the degrees of murder, to limit murder liability based on felony murder or a natural and probable consequences theory to a person who: (1) was the actual killer; (2) though not the actual killer, acted "with the intent to kill" and "aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer" in the commission of first degree murder; or (3) was "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

Section 1172.6 provides a procedural mechanism by which defendants who believe they could not be convicted of murder or attempted murder under the amended versions of sections 188

and 189 may petition the trial court for relief. As relevant here, it provides that a "person convicted of . . . attempted murder under the natural and probable consequences doctrine" may file a petition to vacate that conviction and be resentenced on any remaining counts. (§ 1172.6, subd. (a).) The individual may file a petition if three conditions are met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of . . . attempted murder . . . following a trial . . . at which the petitioner could have been convicted of . . . attempted murder. [¶] (3) The petitioner could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).) The petition must include a declaration that the petitioner is eligible for relief based on the requirements set forth in subdivision (a), the superior court case number and year of the conviction, and a statement indicating whether the petitioner requests the appointment of counsel. (§ 1172.6, subd. (b)(1).)

If the petitioner has complied with these requirements, the court appoints counsel (if requested), receives briefing from the parties, and determines whether the petitioner has made a prima facie case for relief (§ 1172.6, subds. (b)(3), (c); *see Curiel, supra,* 15 Cal.5th at p. 450.) If so, the court must issue an order to show cause and hold an evidentiary hearing at which the burden is on the prosecution to prove that the petitioner is ineligible for relief. (§ 1172.6, subds. (c), (d); *Curiel,* at p. 450.) If the petition and the record of conviction establish conclusively that the petitioner is *not* eligible for relief, however, the trial court may dismiss the petition for failure to make out a prima facie case. (*Curiel,* at pp. 460, 463.)

## B.

The conviction at issue in this appeal relates to an incident in which Saddozai stalked, burglarized, and attempted to murder his ex-girlfriend, Jane Doe. (*See People v. Saddozai* (Mar. 16, 2021, A154894) [nonpub. opn.].) Angry that Doe had ended their relationship, he broke into her apartment and waited for her to come home, at which point he chased her with a knife, yelling " 'I'm gonna get you.' " (*Ibid.*) Saddozai pursued Doe out of her apartment, to the building's leasing office, where she took refuge. (*Ibid.*) When Saddozai was unable to force the door open, he ran to the apartment complex's pool, where another resident saw him holding a knife and heard him repeatedly say, " 'I want to kill the bitch.' " (*Ibid.*)

In June 2017, a jury convicted Saddozai of attempted willful, deliberate, and premeditated murder (§§ 664, 187, subd. (a)); first degree burglary (§ 460, subd. (a)); stalking (§ 646.9, subd. (a)); misdemeanor exhibiting a deadly weapon (§ 417, subd. (a)(1)); misdemeanor possession of burglar's tools (§ 466); and misdemeanor battery of a person the defendant formerly dated (§ 243, subd. (e)(1)). (*People v. Saddozai*, *supra*, A154894.) The jury also found true an allegation that Saddozai personally used a deadly weapon—a knife—during the commission of the crime of attempted willful, deliberate, and premeditated murder (§ 12022, subd. (b)(1)).

## C.

Saddozai filed a section 1172.6 petition alleging that the information filed against him had allowed the prosecution to proceed under a natural and probable consequences theory, that he was convicted of attempted murder before 2019, and could not now be convicted of attempted murder because of the 2019 amendments to sections 188 and 189. Saddozai also requested appointment of counsel.

4

Saddozai was initially represented by appointed defense counsel Jai Gohel, who filed a brief in reply to the People's opposition to the petition. Based on a breakdown in communication between Saddozai and his attorney, the court subsequently granted a motion for substitution of counsel under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). The court then ordered that a new attorney be appointed to represent Saddozai in the section 1172.6 petition.

After attorney Brian C. McComas was appointed to represent him, Saddozai made another *Marsden* motion, which the court denied. Saddozai then sought to represent himself under *Faretta v. California* (1975) 422 U.S. 806, but the court denied his motion. During the same hearing, he unsuccessfully moved to disqualify the judge, Lisa Novak, based on bias under Code of Civil Procedure section 170.6. Saddozai later made another *Marsden* motion, which the court again denied.

At the hearing on his section 1172.6 petition, Saddozai was represented by McComas. Saddozai personally moved, again unsuccessfully, to disqualify the judge, Elizabeth K. Lee, under Code of Civil Procedure section 170.6.

In denying his section 1172.6 petition, the court concluded that Saddozai had not established a prima facie case for relief. The court reasoned that the jury was instructed on neither felony murder nor the natural and probable consequences doctrine, and the only theory of attempted murder presented to the jury remains valid under current law. The court further reasoned that the verdict forms established that Saddozai was the actual perpetrator of the attempted murder, that the jury found him guilty of "attempted, willful, deliberate[,] and premeditated deadly murder," and the jury also found he used a deadly or dangerous weapon (a knife) in committing that crime. As a result, the court determined, "the record establishes that he acted

5

with the intent to kill and premeditation and deliberation when he attempted to murder Jane Doe with a knife."

## DISCUSSION

Where, as here, the petitioner has filed a supplemental brief in compliance with the procedures established in *Delgadillo*, we issue an opinion addressing the arguments presented in that brief. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We independently review the trial court's determination that Saddozai did not make a prima facie showing of eligibility for relief under section 1172.6. (*See People v. Morales* (2024) 102 Cal.App.5th 1120, 1131.) We likewise review de novo the other legal questions presented in Saddozai's supplemental brief. (*See, e.g.*, *People v. Rells* (2000) 22 Cal.4th 860, 870.) Applying these standards, we affirm the trial court's dismissal of Saddozai's section 1172.6 petition.

### A.

### Eligibility for Relief Under Section 1172.6

Saddozai contends that because the allegations in his petition sufficed to establish a prima facie case for relief under section 1172.6, the trial court erred in dismissing his petition. He argues that, in dismissing his petition, the trial court improperly engaged in fact finding. We disagree.

In assessing whether a petitioner has made out a prima facie case under section 1172.6, the trial court may consider whether the allegations in the petition are refuted by the record of conviction. (*Curiel*, *supra*, 15 Cal.5th at p. 460.) The record of conviction includes the court's own documents, such as the clerk's transcript, trial court minutes, jury instructions, verdict forms, and prior appellate opinions. (*See, e.g.*, *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1232; *People v. Maldonado* (2023) 87 Cal.App.5th 1257, 1269; *People v. Allen* (2023) 97 Cal.App.5th 389, 395, fn. 4.) Jury findings are "generally preclusive" in

6

section 1172.6 petitions. (*Curiel*, at pp. 453-454.) The trial court may dismiss the petition without an evidentiary hearing if the petition, together with the record of conviction, conclusively establishes that the defendant is not eligible for relief. (*Id.*, at p. 450.)

The trial court here correctly determined that Saddozai's attempted murder conviction was not based on the natural and probable consequences doctrine. The verdict form indicates the jury found him guilty of "Attempted Willful, Deliberate, And Premeditated Murder" in violation of sections 664 and 187, subdivision (a), as alleged in count one of the information. Count one of the operative information alleged that Saddozai "did unlawfully and with malice aforethought" attempt to murder Doe, thereby committing "Attempted Willful, Deliberate, and Premeditated Murder." And, the verdict form indicates that the jury found true the allegation that Saddozai "personally used a deadly or dangerous weapon . . . [a] [k]nife . . . during the commission of the crime of Attempted Willful, Deliberate[,] and Premeditated Murder." (§ 12022, subd. (b)(1)).

Further, neither the jury instructions nor the prosecution's closing argument relied on the natural and probable consequences doctrine for attempted murder. Because the trial court relied on the jury instructions, but they were not included in the record on appeal, we take judicial notice of the portion of the clerk's transcript and reporter's transcript containing the jury instructions in the record of Saddozai's direct appeal (A154894). The court instructed the jury that "[t]o prove that the defendant is guilty of attempted murder, the People must prove that: [¶] . . . [t]he defendant took at least one direct but ineffective step toward killing another person" and "[t]he defendant intended to kill that person." (CALCRIM No. 600.) Likewise, the People argued Saddozai had the intent to kill Doe and took at least one step toward doing so based on his arming himself with a knife,

7

his statement to a bystander that he was going to kill her, and his pursuit of Doe and other actions. The jury thus necessarily found that Saddozai intended to kill Doe and personally used a knife to attempt to kill her; Saddozai was convicted of attempted murder based on his own actions and mental state, rather than his participation in another person's criminal act.

Saddozai asserts there were "plausible factual scenarios" in which he "did not have the specific intent to kill or malice," but the jury's verdict necessarily excludes any such scenarios.

Saddozai additionally contends that, in denying his petition, the trial court relied on evidence not heard by the jury. But this mischaracterizes the trial court's determination, which relied only on the record of conviction.

In sum, because Saddozai could not have been convicted based on a natural and probable consequences theory, the trial court properly dismissed his petition. (*See People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

## B.

## Claims of Judicial Bias

Saddozai raises both statutory and constitutional claims concerning bias by Judges Novak and Lee, who presided over proceedings related to his section 1172.6 petition. Neither set of claims has merit.

First, Saddozai challenges the denial of his motions under Code of Civil Procedure section 170.6 to disqualify the judges for bias. Saddozai has forfeited his statutory argument, however, by failing to file a timely petition for writ of mandate—the sole method for obtaining review of denial of a disqualification motion. (*See* Code Civ. Proc., § 170.3, subd. (d); *People v. Nieves* (2021) 11 Cal.5th 404, 498, fn. 13 (*Nieves*).)

8

Second, Saddozai argues that the denial of his motions violated his due process right to a fair and impartial judge. To succeed on his due process claim, he must show a constitutionally intolerable probability that the judge was actually biased—a standard met only in extreme circumstances. (*People v. Freeman* (2010) 47 Cal.4th 993, 996, 1001, 1005.) The question is whether the record reflects an intolerable possibility that the judge had an interest in the outcome of Saddozai's proceeding, such as a pecuniary interest, personal interest based on a relationship to a party, or a discriminatory prejudice. (*See Nieves*, *supra,* 11 Cal.5th at p. 499.) Based on the record here, Saddozai has not come close to meeting this standard.

Saddozai concedes that he had no prior relationship with either judge. He complains that Judge Lee muted his microphone and cut him off while he was speaking. But the record reflects that Saddozai was represented by counsel at the time, and Judge Lee muted Saddozai's microphone because "he [was] not willing to listen to the Court and hear what the Court ha[d] to say," he was "talking over . . . his counsel," and "the court reporter [was] asking for one at a time."

Finally, the fact that the prosecution successfully challenged another judge does not suggest that the judges who rejected Saddozai's challenges were biased against him. Even assuming the rulings were erroneous, mistaken rulings alone do not establish judicial bias. (*See People v. Farley* (2009) 46 Cal.4th 1053, 1110.)

9

## C.

## Challenges Relating to Saddozai's Trial and Arrest

Saddozai raises numerous claims of error relating to his original trial and arrest by police.[2]  But relief under section 1172.6 is limited to cases in which the defendant "could not presently be convicted of murder or attempted murder *because of* changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a)(3), italics added.)  Assertions of trial error or challenges to the sufficiency of the evidence at trial are not cognizable in this appeal.  (*See People v. Farfan* (2021) 71 Cal.App.5th 942, 947 (*Farfan*).)

---

[2] Saddozai contends that his conviction was the result of false, coerced, and biased testimony; juror misconduct; and discrimination and misconduct by the police, prosecution, trial judge, and court-appointed defense investigator.  He argues that evidence was improperly excluded; other evidence was improperly admitted; potentially exculpatory evidence was not collected, preserved, or disclosed; and the evidence at trial was insufficient to support the jury's verdict.  He asserts that his trial and direct appeal counsel were ineffective. He seeks to challenge the trial court's decision to allow the victim to proceed under a pseudonym, as well as the court's denial of his motion for a new trial based on evidence not presented to the jury.  He argues his trial was unlawful because he was not indicted by a grand jury. He also contends that the police used unlawful and excessive force against him during his arrest and illegally seized his cell phone.  And he claims a variety of trial errors in the context of his arguments that his section 1172.6 counsel provided ineffective assistance in failing to pursue them as a basis for resentencing relief.

## D.

## Ineffective Assistance of Counsel Claims as to Saddozai's Section 1172.6 Petition

Saddozai contends that he received constitutionally ineffective assistance from the attorneys representing him in his section 1172.6 petition in the trial court and in this appeal. We disagree.

Our Supreme Court has held that a defendant in an appeal from the denial of a section 1172.6 petition does not have a constitutional right to counsel. (*Delgadillo, supra,* 14 Cal.5th at pp. 222, 226-227; *People v. Lewis* (2021) 11 Cal.5th 952, 973.) Because Saddozai has a *statutory* right to the appointment of counsel (*see* § 1172.6, subd. (b)(3)), however, we assume without deciding that he also has a statutory right to competent counsel. (*Cf. In re Clark* (1993) 5 Cal.4th 750, 780.)

To establish ineffectiveness of counsel, Saddozai must show that his attorney's performance was deficient and that the attorney's deficient performance prejudiced his defense, depriving him of a fair trial. (*See Strickland v. Washington* (1984) 466 U.S. 668, 687.)

Here, Saddozai's attorneys' omission of arguments unrelated to the 2019 amendments to sections 188 and 189 did not constitute deficient performance because such arguments are not cognizable in a section 1172.6 petition. (*See* § 1172.6, subd. (a)(3); *People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1122-1123; *Farfan, supra,* 71 Cal.App.5th at p. 947.) Similarly lacking in merit is Saddozai's argument that his appellate counsel's preparation of the appellate record was inadequate because he declined to conduct an independent fact investigation aimed at "impeach[ing]" the case presented by the prosecution at trial.

Further, contrary to Saddozai's contention, his counsel's determination that there are no arguable issues and filing of a

no-issues brief did not create a conflict of interest. (*See Delgadillo*, *supra*, 14 Cal.5th at p. 222; *People v. Wende* (1979) 25 Cal.3d 436, 442 & fn. 3, disapproved of on other grounds by *In re Sade C.* (1996) 13 Cal.4th 952.) Similarly, we reject Saddozai's argument that the trial court erred in failing to take action in response to his appointed counsel's purported conflict of interest.

Finally, even assuming his attorneys were deficient in some way, Saddozai's ineffective assistance claim would fail because he is unable to establish prejudice. As we have explained, he is ineligible for relief under section 1172.6, and the outcome would have been no different absent the alleged mistakes by his attorneys. For the same reason, Saddozai's appellate counsel was not ineffective for declining to brief ineffective assistance of counsel claims concerning the attorneys who litigated his section 1172.6 petition in trial court.

## DISPOSITION

The trial court's order denying the petition is affirmed.

BURNS, J.

WE CONCUR:

JACKSON, P.J.
SIMONS, J.

*P. v. Saddozai (A168408)*

12